**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1676**

ALAN M. GRAYSON; AMG TRUST, The,

Plaintiffs - Appellees,

v.

CHARLES HSIN,

Defendant - Appellant,

and

CHARLES CATHCART; EVELYN CATHCART; YURIJ DEBEVC; SCOTT CATHCART; SCOTT AND WHITNEY CATHCART FAMILY TRUST; DERIVIUM CAPITAL USA INCORPORATED; VERIDIA SOLUTIONS LLC; SHENANDOAH HOLDINGS LTD; VERISTEEL INCORPORATED; PTS INTERTECH INCORPORATED; AQUILIUS INCORPORATED; OPTECH LIMITED; PAUL ANTHONY JARVIS; NIGEL HARLEY WOOD; COLIN BOWEN; BANCROFT VENTURES LTD; BANCROFT VENTURES UK LTD; SPENCER PARTNERS LTD; ISLE OF MAN ASSURANCE LTD; DMITRY BOURIAK; VISION INTERNATIONAL PEOPLE GROUP PL; TOTAL ECLIPSE INTERNATIONAL LTD; BRYAN JEEVES; ALEXANDER JEEVES; KRISTINA PHELAN; JEEVES GROUP, The; JEEVES HOLDINGS LTD; JAVELIN LTD; LEXADMIN TRUST REG; ST VINCENT TRUST COMPANY LTD; ST VINCENT TRUST SEVICE LTD; WINWARD ISLES TRUST COMPANY LTD; SELBOURNE TRUST COMPANY LTD; PELICAN TRUST COMPANY LTD; JEEVES GROUP ASIA LTD; WACHOVIA SECURITIES INCORPORATED; JOHN DOES 1-10; JEEVES COMPANY LTD; ORANGEBURG METAL TREATMENT CO LLC; METARIZON LLC, f/k/a Metarrizon Solutions Incorporated; RANDOLPH ANDERSON; JONATHAN SANDIFER; PATRICK KELLEY; ROBERT BRADENBURG; NIGEL THOMAS TEBAY; JOANNA OVERFIELD BODELL,

Defendants,

KEVIN CAMPBELL,

Party-in-Interest.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:07-cv-00593-DCN)

Argued: September 23, 2010          Decided: January 14, 2011

Before NIEMEYER and KEENAN, Circuit Judges, and Jerome B. FRIEDMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Steven Soulios, RUTA & SOULIOS LLP, New York, New York, for Appellant. Alisa Joy Roberts, KUBLI & ASSOCIATES, PC, Vienna, Virginia, for Appellees. **ON BRIEF**: F. Truett Nettles, II, THE NETTLES LAW OFFICE, LLC, Charleston, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Hsin, one of the defendants in this case in which Alan M. Grayson and The AMG Trust claim damages from an alleged fraudulent stock loan scheme, seeks to set aside a multi-million dollar default judgment entered against him. He contends that he was never properly served and that the judgment, in any event, is void for lack of subject matter jurisdiction because the plaintiff lacks standing to bring the fraud claims. In addition, Hsin contends that the district court violated Federal Rule of Civil Procedure 54(b) in certifying the default judgment as a final judgment before liability of all of the other defendants involved in the scheme was determined; that the amount of the default judgment was manifestly unjust; and that the district court erred in failing to hold a hearing on damages.

As to subject matter jurisdiction, Hsin bases his argument on the fact that a parallel action making the same allegations has been filed by the trustee in the bankruptcy of Derivium Capital, LLC, a firm involved in the scheme. We conclude, however, that Hsin's argument relates to the doctrine of prudential standing, not Article III standing. Accordingly, we do not consider the merits of this argument in deciding whether to set aside the default judgment. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (stating that the

3

requirements for Article III standing are injury in fact, causation, and redressability).

As to Hsin's claim that he was not properly served in this case, we affirm for the reasons given by the district court. The district court found that Hsin was served in accordance with New York leave-and-mail procedure. See N.Y. Civ. Practice Law & Rule § 308(2); Fed. R. Civ. P. 4(e)(1) (allowing service per state rules). First, it found that, in accordance with Rule 4(e)(1) and New York Civil Practice Law and Rule § 308(2), the plaintiffs mailed the summons and complaint to Hsin at his last known residence address at 99 Campbell Avenue, Williston Park, New York, on June 19, 2007, via first-class mail. Hsin's own affidavit states that he last lived at 99 Campbell Avenue. Moreover, the plaintiffs demonstrated that after a diligent search, they were unable to uncover any other address for his residence.

Second, the district court found, again in accordance with Rule 4(e)(1) and New York Civil Practice Law and Rule § 308(2), that the plaintiffs served Hsin at his place of business by delivering a copy of the summons to Nicole Ingrahm, a person there of suitable age and discretion. The record shows that Hsin was the founder and CEO of First Federal Group of Companies, Inc., which was the parent of several other companies, including First Federal Capstone Ventures, LLC. The

4

plaintiffs obtained the address for First Federal Group from its website, which gave 515 Madison Avenue, 21st Floor, New York, New York 10022, as the company's address.  When a professional process server went to 515 Madison Avenue, the building's directory indicated that the 21st floor was occupied by First Federal Capstone, a subsidiary of First Federal Group.  The process server went to the office on the 21st floor and there spoke with Nicole Ingrahm, who told the process server that Hsin had an office there.  She also told the process server that "she believed that Mr. Hsin had just left for a trip to Hong Kong, China, and she did not know when he would return."  That information was corroborated by a telephone conversation that the process server had had earlier that day with Hsin.  As the process server related it, after calling Hsin on a listed telephone number, "I personally spoke with a man with an Asian accent who identified himself as Charles Hsin.  Mr. Hsin informed me that he was at the airport and was about to fly to Hong Kong, China.  Mr. Hsin asked me to send my delivery to Hong Kong."  After receiving the information about Hsin from Ingrahm, the process server handed the summons and complaint to Ingrahm, who the process server observed was a person of suitable age and discretion.

For these reasons, we reject Hsin's claim that he was not properly served.  We decline to consider Hsin's other arguments,

which he did not raise in the district court and which, in any case, go to the merits of the defaulted claims.

Accordingly, we affirm the district court's order, dated May 12, 2009, denying Hsin's motion to set aside the default judgment, and we affirm the final judgment entered June 9, 2009.

<u>AFFIRMED</u>